IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.   **07-cv-1092-JLK**

**SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 9,**

     Plaintiff,

v.

**STAFAB, INC., d/b/a STAINLESS FABRICATING COMPANY,**

     Defendant.

---

**ORDER**

---

Kane, J.

The court has received the answer is this matter, filed by defendant's Chief Financial

Officer, Keith Jones.   As an individual, Mr. Jones is not permitted to represent the

corporation.  As stated in *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202

(1993):

> It has been the law for the better part of two centuries . . . that a
> corporation may appear in the federal courts only through
> licensed counsel. *Osborn v. President of Bank of United States*,
> 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *see Turner v. American
> Bar Assn.*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the
> "long line of cases" from 1824 to the present holding that a
> corporation may only be represented by licensed counsel), *aff'd
> sub nom. Pilla v. American Bar Assn.*, 542 F.2d 56 (8th Cir.
> 1976).  As the courts have recognized, the rationale for that rule
> applies equally to all artificial entities.   Thus, save in a few
> aberrant cases, [footnote omitted], the lower courts have
> uniformly held that §28 U.S.C.  1654, providing that "parties
> may plead and conduct their own cases personally or by
> counsel," does not allow corporations, partnerships, or
> associations to appear in federal court otherwise than through a
> licensed attorney.   *See, e.g.,  Eagle Associates v. Bank of*

*Montreal*, 926 F.2d 1305 (2d Cir. 1991) (partnership); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.) (nonprofit corporation formed by prison inmates), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 146 (1989); *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir. 1983) (corporation); *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983)(per curiam) (corporation); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982) (per curiam) (corporation); *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir. 1976) (per curiam) (corporation); *Strong Delivery Ministry Assn. v. Board of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir. 1976) (per curiam) (corporation); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) (per curiam) (corporation); *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (CA3 1966) (per curiam) (corporation).

Against the background of this tradition, the provisions of law authorizing litigants to represent themselves applies to natural persons only.  Corporations, because they are not natural persons, cannot represent themselves and Defendant StaFab may appear only through licensed counsel.   StaFab shall obtain counsel no later than June 29, 2007.

Dated this 14th day of June, 2007.

BY THE COURT:

*S/John L. Kane*
Senior Judge, United States District Court